## No. 10,392.

PEOPLE, EX REL. COLORADO BAR ASSOCIATION *v.* FURMAN.

Decided February 5, 1923.

Disbarment proceeding.  Judgment of disbarment against respondent.

1. ATTORNEYS AT LAW—*Disbarment.*  Respondent being found to have been unfaithful to the trust reposed in him as an attorney by his clients, is disbarred from further practicing law in Colorado.

*Original Proceeding.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN H. FRY, for petitioner.

Mr. W. S. FURMAN, pro se.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE petition of the Colorado Bar Association was filed herein June 12, 1922.  Thereupon the court directed the Attorney General to file an information according to the prayer of said petition.  Upon the filing of said information a rule to show cause within twenty days was directed against respondent who was duly served as required by law and filed his answer July 18, 1922.

It is charged against respondent, who at all times herein-

after referred to was a practicing attorney of this court maintaining an office and doing business in Grand Junction, Mesa County, Colorado:

1. That as attorney for one Laura R. Jordan of Virginia, in connection with the payment of taxes upon and the management of certain real estate in Mesa County, he misappropriated the sum of $595.10 sent him for the payment of such taxes; represented to his client that her directions had been carried out; suffered the land to be sold to and possession taken by another; for several years thereafter pretended to manage the property and account for the rents and profits; and not until discovery of the fraud and suit brought by said Jordan for recovery did respondent make settlement.

2. That as attorney for one John M. King of Fruita, Colorado, said respondent collected for said King the sum of $1511.28, denied receipt thereof and appropriated the same to his own use, and not until said King had employed an attorney to bring suit did said respondent make settlement.

3. That as attorney for one C. E. Leverich in a certain divorce proceeding respondent collected from said Leverich the sum of $500.00 for the purpose of paying attorneys' fees in said suit for the wife of said Leverich, appropriated said sum to his own use, falsely represented that payment had been made to Mrs. Leverich, and did not make settlement until some four months thereafter, and then only on demand of said Leverich who had discovered the misappropriation.

4. That as agent and adjuster at Grand Junction, Colorado, for the Illinois Automobile Insurance Exchange respondent received a check for $199.53 payable to W. G. Strong in settlement of insurance; that without authority or claim thereof he endorsed said check with the name of W. G. Strong; that he cashed said check and appropriated the proceeds to his own use and made settlement only upon discovery of the fraud by the payee.

August 8, 1922 Silman Smith, Esq., an attorney of this

court residing at Grand Junction, was appointed referee to take testimony, with full power in the premises. After numerous continuances because of the failure of respondent to appear, and after due notice to respondent, a final hearing was had by said referee, in respondent's absence, on November 6, 1922, and his report and findings filed herein January 20, 1923, together with the evidence taken in support thereof. By said findings the referee determined the truth of each of the foregoing charges and his report concludes as follows:

"Your referee further finds from the evidence that in each of the matters upon which testimony was taken the said respondent has been unfaithful to the trust reposed in him as an attorney by his clients, has used their funds as his own, and has only rendered accounting therefor when required so to do after investigations made by his clients, and by his conduct has shown himself unfit to practice as an attorney before this Honorable Court and should be permanently disbarred from the practice of law in the State of Colorado, according to the prayer of the petition, and that his name should be stricken from the roll of attorneys."

We have carefully examined the accompanying transcript and believe the referee could have reached no other conclusion. His findings are accordingly adopted and confirmed by the court and it is hereby ordered that respondent be forever disbarred from practicing law in any court in the State of Colorado and his name be stricken from the roll of attorneys of this court.

MR. CHIEF JUSTICE TELLER not participating.

MR. JUSTICE ALLEN sitting as Chief Justice.